**Zhou Ni v Tao Lin**

2025 NY Slip Op 32900(U)

August 19, 2025

Supreme Court, New York County

Docket Number: Index No. 151689/2019

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DEBRA A. JAMES**                    PART   59

*Justice*

------------------------------------------------------------------------X

ZHOU NI, JIN ZHANG, QIAO CHEN, HAISHENG LIN, and NZCLT PARTNERSHIP,

Petitioners,

- v -

TAO LIN, TOM LIN KITCHEN EQUIPMENT & SUPPLY INC.,MANN & ASSOCIATES, PLLC, and 187 MOORE REAL ESTATE CORP.,

Respondents.

------------------------------------------------------------------------X

| INDEX NO. | 151689/2019 |
|---|---|
| MOTION DATE | 01/16/2025[1] |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 33, 34, 35, 36

were read on this motion to/for                    CONTEMPT                    .

ORDER

Upon the foregoing documents and the testimony at the hearing on May 7, 2024, it is

ORDERED that to the extent that Petitioners seek, pursuant to Judiciary Law § 750(a)(3), to adjudicate Respondent Tao Lin in criminal contempt for violating the Order and Judgment filed on July 18, 2019, which, pursuant to CPLR § 5225, directed such Respondent to turn over certain specified property in his possession custody and control which property was presently in a warehouse located at 1036 Grand Street, Brooklyn, New York, such

---

[1] The evidentiary hearing took place on May 7, 2024, at the conclusion of which the court directed counsel to secure a copy of the transcript of such hearing by June 3, 2025.  Counsel did not secure a copy of such transcript until January 16, 2025.

**151689/2019  NI, ZHOU vs. LIN, TAO**                                        **Page 1 of 4**
 **Motion No.  002**

relief is dismissed as moot as Petitioners discontinued such application to hold respondent Lin in criminal contempt at the beginning of the contempt hearing that took place on May 7, 2024; and it is further

ORDERED and ADJUDGED that to the extent that Petitioners seek, pursuant to Judiciary Law §§ 753(a)(8) and 756, to adjudicate Respondent Tao Lin in civil contempt for violating the Order and Judgment filed on July 19, 2019, pursuant to CPLR § 5225, that directed such Respondent to turn over certain specified property in his possession custody and control which property is in a warehouse located at 1036 Grand Street, Brooklyn, New York, as set forth in Invoices, specifying respondent Tom Lin Kitchen Equipment & Supply Inc, as buyer, such petition is denied.

## DECISION

To the question

> "My question is this. Did you turn over to Petitioners in this case all of the inventory that is specified in the documents which have been marked as Petitioner's 1, Petitioner's 2 and Petitioner's 3 ?",

Respondent Lin responded by "invoking his Fifth Amendment privilege". In addition, Respondent Lin testified "A lot of people came to remove inventory. A lot of them – a lot of people, several vehicles there. I was just standing there, okay" and "Yes. In December 2019 when people came – yes, the inventory was removed,

**151689/2019   NI, ZHOU vs. LIN, TAO**
  Motion No.  002

**Page 2 of 4**

2 of 4

[* 2]

the lawyer was there. A lot of people there, too", and "I only knew that I was told the inventory will be removed and some people will come to remove the inventory" and "Other people were removing the inventory. I did not remove anything. I just stayed there."

Counsel for petitioners rested his case without requesting a continuance to secure the presence of Derek Skuzenski, the sheriff, and/or Petitioner Tao Li.

With respect to the movant's burden of proof in a proceeding for civil contempt, the Court of Appeals stated in El-Dehdan v El-Dehdan, 26 NY3d 19, 29 (2015), "In order to carry her burden, plaintiff had to establish by clear and convincing evidence defendant's violation of the [subject] order. In El-Dehdan, supra, p. 37, the Court of Appeals also held that "a negative inference may be drawn in the civil contempt context when a party invokes the right against self-incrimination."

However, the Appellate Division, First Department, in DeBonis v Corbisiero, 155 AD2d 299 (1989) ruled:

> "Imposition of a civil sanction may not be based **solely** upon petitioner's assertion of the Fifth Amendment. **Silence** may only be **one of a number of factors** which the finder of fact considers in making its determination" (citations omitted and bold added)."

Based on such controlling precedent, this court finds Petitioners have not established by clear and convincing evidence that Respondent Lin failed to turn over to Petitioners the inventory specified in the Invoices admitted into evidence, and

**151689/2019  NI, ZHOU vs. LIN, TAO**
**Motion No.  002**

**Page 3 of 4**

[* 3]

which he represented was stored in the warehouse located at 1036 Grand Street, Brooklyn, New York. Aside from Respondent Lin's invocation of his privilege against self-incrimination, the only other testimony elicited was Lin's statements, inter alia, that "A lot of people came to remove the inventory", and "I did not remove the inventory". Such testimony neither clearly nor convincingly established that Respondent Lin violated the mandate that he turn over to Petitioners the inventory stored in the warehouse located at 1036 Grand Street, Brooklyn, New York. The Petitioners failed to call any other witnesses to testify with respect to who were the people, if any, who removed the inventory. Such additional evidence was a factor necessary to establish Petitioners entitlement to an order adjudicating Respondent Lin as in civil contempt of this court's order filed on July 18, 2019.

*Debra A. James*

20250819191449DJAMES57125748149D44FF82A9D85FDC93AE5E

| 8/19/2025 | | | | DEBRA A. JAMES, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151689/2019  NI, ZHOU vs. LIN, TAO**
**Motion No.  002**

**Page 4 of 4**

4 of 4

[* 4]